```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

WEST VIRGINIA HIGHLANDS
CONSERVANCY, OHIO VALLEY
ENVIRONMENTAL COALITION,
and SIERRA CLUB,

       Plaintiffs,

v.                         Civil Action 2:13-cv-12500
                            (consolidated with 2:13-cv-14877)

POCAHONTAS LAND CORPORATION

       Defendant.

## MEMORANDUM OPINION AND ORDER

       Pending is the parties' proposed Consent Decree, filed May 15, 2015.

### I.

       On May 28, 2013, plaintiffs filed a complaint for declaratory and injunctive relief and for civil penalties against defendant, alleging violations of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. ("the Clean Water Act"). An additional action alleging similar violations, filed by plaintiffs on June 19, 2013, was subsequently consolidated with it. The first-filed action is the lead case, as styled above. The claims set forth in the complaints concern defendant's alleged discharge of the pollutant selenium from three valley fills on its property in Mingo County, West

Virginia, without a permit required by Section 402 of the Clear Water Act.

The parties' proposed Consent Decree requires defendants to conduct sampling for selenium at the valley fills in question and to apply to the West Virginia Department of Environmental Protection for a permit covering pollutant discharges from the sites. Defendant does not admit any wrongdoing or any allegations set forth in the complaints, but agrees to pay reasonable fees and costs, including attorney's fees, in the amount of $57,461.

II.

Our court of appeals has observed that "a consent decree 'has elements of both judgment and contract,' and is subject to 'judicial approval and oversight' generally not present in other private settlements." Szaller v. American Nat. Red Cross, 293 F.3d 148, 152 (4th Cir. 2002) (quoting Smyth v. Rivero, 282 F.3d 268, 279-80 (4th Cir. 2002)); see also Local No. 93, Int'l Assn. of Firefighters, AFL-CIO v. Cleveland, 478 U.S. 501, 519 (1986); United States v. ITT Continental Baking Co., 420 U.S. 223, 237 n.10 (1975) (citation omitted); Alexander

2

v. Britt, 89 F.3d 194, 199 (4th Cir. 1996).

It has expanded upon this principle in Smyth, observing that a court is expected, when presented with a proposed consent decree, to scrutinize the accord and make certain findings prior to entry:

> Because it is entered as an order of the court, the terms of a consent decree must also be examined by the court. As Judge Rubin noted in United States v. Miami,
>
>> Because the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny. Even when it affects only the parties, the court should. . . examine it carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence.
>
> 664 F.2d at 441 (Rubin, J., concurring). In other words, a court entering a consent decree must examine its terms to ensure they are fair and not unlawful.

Smyth, 282 F.3d at 280.

The standards governing consideration of a proposed consent decree are elucidated further by United States v. North Carolina, 180 F.3d 574, 581 (4th Cir. 1999):

> In considering whether to enter a proposed consent decree, a district court should [1] be guided by the general principle that settlements are encouraged.

3

> Nevertheless, a district court should not blindly accept the terms of a proposed settlement. See Flinn v. FMC Corp., 528 F.2d 1169, 1173 (4th Cir.1975). Rather, before entering a consent decree the court must satisfy itself that [2] the agreement "is fair, adequate, and reasonable" and [3] "is not illegal, a product of collusion, or against the public interest." United States v. Colorado, 937 F.2d 505, 509 (10th Cir. 1991). In considering the fairness and adequacy of a proposed settlement, the court must assess the strength of the plaintiff's case. See Flinn, 528 F.2d at 1172-73. While this assessment does not require the court to conduct "a trial or a rehearsal of the trial," the court must take the necessary steps to ensure that it is able to reach "an informed, just and reasoned decision." Id. (internal quotation marks omitted). In particular, the "court should consider the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiffs' counsel who negotiated the settlement." Carson v. American Brands, Inc., 606 F.2d 420, 430 (4th Cir. 1979) (en banc) (Winter, Circuit Judge, dissenting), adopted by Carson v. American Brands, Inc., 654 F.2d 300, 301 (4th Cir. 1981) (en banc) (per curiam).

Id. at 581 (emphasis supplied).

### III.

The court begins from the general proposition in North Carolina that settlements are encouraged. Settlement in this case will avoid the consumption of a significant amount of time and expense by the parties, including the public fisc, and will allow for the efficient use of judicial resources.

The parties to the proposed Consent Decree are represented by able and experienced counsel, and significant discovery has been conducted to elucidate the disputed issues. The court also notes that the U.S. Department of Justice filed a letter on May 11, 2015 indicating that the government has reviewed the parties' proposed Consent Decree and has no objection to the court's entry of the same.

Based upon the foregoing, the court finds that the proposed Consent Decree is fair, adequate, and reasonable. The court further finds that the accord is neither illegal nor the product of collusion and that it serves the public interest. In view of these findings, and inasmuch as no person has opposed entry of the Consent Decree, the court ORDERS as follows:

1. That the proposed Consent Decree be, and it hereby is, entered with the court's approval this same date; and

2. That this action be, and it hereby is, dismissed and stricken from the docket, with the court retaining jurisdiction pursuant to paragraph 30 of the Consent Decree and any other provision therein contemplating the potential for future action by the court.

The Clerk is requested to transmit this written opinion and order to all counsel of record and to any unrepresented parties.

Dated:    November 30, 2015

Judge John T. Copenhaver, Jr.
United States District Judge

6